**E-FILED**
Wednesday, 11 July, 2007  09:50:35 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MICHAEL FORREST,                                )

                    Plaintiff,                   )

v.                                               )

RITE-HITE CORPORATION, RITE-HITE                 )
DOORS, INC., RITE-HITE PRODUCTS                  )
CORPORATION, RITE-HITE                           )
INTERNATIONAL, INC., RITE-HITE                   )
TEMPORARY CORPORATION, RICE                      )
EQUIPMENT CO., PLASTIPAK PACKAGING,              )
INC., PLASTIPAK HOLDINGS, INC.                   )
                                                 )
                    Defendants.                  )

**06CV5664**

**JUDGE GETTLEMAN**

**MAG.JUDGE ASHMAN**

**FILED**

OCT 1 8 2006

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

## NOTICE OF FILING

To:     (See Attached Service List)

Please take notice that on **October 18, 2006,** we filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **Defendants Rite-Hite Corporation, Rite-Hite Doors, Inc., Rite-Hite Products Corporation, Rite-Hite International, Inc., and Rite-Hite Temporary Corporation' Notice of Removal,** a copy of which is attached hereto and herewith served upon you.

_____
One of the attorneys for Defendants

Joan M. Kubalanza
Patrick R. Moran
LOWIS & GELLEN LLP
200 W. Adams, Suite 1900
Chicago, Illinois 60606
(312) 364-2500

## CERTIFICATE OF SERVICE

The undersigned certifies pursuant to penalties of perjury that this notice and **Notice of Removal** were were served upon the attorneys referenced in the service list by depositing the same in a United States mailbox at 200 West Adams Street, Chicago, Illinois, prior to 5:00 p.m. on the 18th day of October, 2006, with proper postage prepaid.

# SERVICE LIST

**Counsel for Plaintiff**
Louis C. Cairo, Esq.
Goldberg, Weisman & Cairo, Ltd.
One E. Wacker Drive, #3400
Chicago, IL 60601
Telephone: (312) 464-1200

**Co-Defendant Rice Equipment Co.:**
12895 Pennridge Dr.
Bridgeton, MO 63044-1238
Telephone: (314) 209-1800

**Co-Defendants Plastipak Packaging, Inc. & Plastipak Holdings, Inc.:**
Global Business and Technology Center
41605 Ann Arbor Road
Plymouth, MI 48170
Telephone: (734) 455-3600



FILED

OCT 1 8 2006 *rq*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL FORREST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| RITE-HITE CORPORATION, RITE-HITE | ) |
| DOORS, INC., RITE-HITE PRODUCTS | ) |
| CORPORATION, RITE-HITE | ) |
| INTERNATIONAL, INC., RITE-HITE | ) |
| TEMPORARY CORPORATION, RICE | ) |
| EQUIPMENT CO., PLASTIPAK PACKAGING, | ) |
| INC., PLASTIPAK HOLDINGS, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

06CV5664
JUDGE GETTLEMAN
MAG. JUDGE ASHMAN

FILED
OCT. 18. 2006
OCT 1 8 2006 *rq*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF REMOVAL

Defendants RITE-HITE CORPORATION, RITE-HITE DOORS, INC., RITE-HITE

PRODUCTS CORPORATION, RITE-HITE INTERNATIONAL, INC., and RITE-HITE

TEMPORARY CORPORATION, through their undersigned attorneys, and pursuant to 28

U.S.C. §§1441 and 1446, petition this Court for removal of this civil action, and in support

thereof, state as follows:

1.      On September 21, 2006, Plaintiff Michael Forrest filed an action in the Circuit

Court of Cook County, Illinois, entitled *Michael Forrest v. Rite-Hite Corp., et al.*, No. 06 L

009985 (the "Action"). (*See* Complaint, attached as Ex. A).

2.      Although these Defendants have not been formally served, they received a copy

of Plaintiff's Complaint on September 21, 2006.

3.      The Action is removable pursuant to 28 U.S.C. § 1441(a) *et seq.*, which allows

the removal of any action over which the federal district court has original jurisdiction.  This

Court has original jurisdiction over the Action pursuant to the diversity of citizenship requirement of 28 U.S.C. § 1332. As shown on the face of the Complaint, Plaintiff is a resident of Illinois.    Defendants Rite-Hite Corporation, Rite-Hite Doors, Inc., Rite Hite Products Corporation, Rite-Hite International, Inc., and Rite-Hite Temporary Corporation are Wisconsin corporations, also having their principal places of business in Wisconsin.    Defendant Rice Equipment Co. is a Missouri corporation with its principal place of business in Missouri. Defendants Plastipak Packaging, Inc. and Plastipak Holdings, Inc. are Delaware corporations which have their principal places of business in Michigan. Pursuant to 28 U.S.C. § 1332(c)(1), a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business.    As such, Defendants are either citizens of Wisconsin, Missouri, Delaware or Michigan, no Defendant is a citizen of Illinois, and none of them share a common citizenship with Plaintiff. As a result, complete diversity of citizenship exists between the parties.

4.      The Action also satisfies the amount of controversy requirement in 28 U.S.C. §1332(a), as the amount in controversy exceeds $75,000.  *See McCoy by Webb v. Gen. Motors Corp.*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002) (products liability case removable based on diversity where a plaintiff alleged that he incurred lasting and permanent injuries, lost wages and profits, and suffered severe pain, emotional distress, and disability, among other injuries, these statements should "sound warning bells in defendants' ears that significant damages are sought").

5.      Removal is timely pursuant to 28 U.S.C. § 1446(b) in that this Notice has been filed within thirty (30) days of Defendants' receipt of a copy of the Complaint.

6.      Defendants reviewed the court file in the Circuit Court of Cook County and, as of 9:00 a.m. on October 18, 2006, the court file indicated that Defendants Rice Equipment Co.,

Plastipak Packaging, Inc., and Plastipak Holdings, Inc. were not yet served with process. Because these Defendants were not served with process, their consent to removal is not required. See *P.P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968).

7.      Defendants have given Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). (*See* Notice, attached as Ex. B).

8.      Defendants have filed a copy of their Notice of Removal with the Clerk of the Circuit Court of Cook County, Law Division, where the Complaint was originally filed, as required by 28 U.S.C. § 1446(d). (*Id.*)

Respectfully submitted,

RITE-HITE CORPORATION, RITE-HITE
DOORS, INC., RITE-HITE PRODUCTS
CORPORATION, RITE-HITE
INTERNATIONAL, INC., and RITE-HITE
TEMPORARY CORPORATION

By: _____

One of their attorneys

Joan M. Kubalanza
Patrick R. Moran
LOWIS & GELLEN LLP
200 West Adams Street, Suite 1900
Chicago, Illinois 60606
(312) 364-2500

10/02/06   MON 11:29 FAX 414 355 6578        RITE HITE EXEC.                               ☐ 002

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

MICHAEL FORREST,                              )
                                             )        2006L009985
            Plaintiff,                       )        CALENDAR/ROOM D
                                             )        TIME 00:00
v.                                           )        PI Structural
                                             )   NO:
RITE-HITE CORPORATION, RITE-HITE             )
DOORS, INC., RITE-HITE PRODUCTS              )
CORPORATION, RITE-HITE                       )
INTERNATIONAL, INC., RITE-HITE               )
TEMPORARY CORPORATION, RICE                  )
EQUIPMENT CO., PLASTIPAK PACKAGING,          )
INC., PLASTIPAK HOLDINGS, INC.,              )
                                             )
            Defendants.                      )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, MICHAEL FORREST, by and through his attorneys, GOLDBERG, WEISMAN & CAIRO, LTD., and complaining of Defendants RITE-HITE CORPORATION, RITE-HITE DOORS, INC., RITE-HITE PRODUCTS CORPORATION, RITE-HITE INTERNATIONAL, INC., RITE-HITE TEMPORARY CORPORATION, RICE EQUIPMENT CO., PLASTIPAK PACKAGING, INC., and PLASTIPAK HOLDINGS, INC., alleges as follows.

### COUNT I
### Negligence—Rite-Hite Corporation

1.     That on or before September 22, 2004, the Defendant RITE-HITE CORPORATION, a Wisconsin corporation, was engaged in the business of designing, manufacturing, assembling, distributing and/or selling industrial doors and hydraulic dock levelers.

1



EXHIBIT

A

2.    That on or before September 22, 2004, the Defendant RITE-HITE CORPORATION conducted and continues to conduct business in Champaign County, Illinois.

3.    That on or before September 22, 2004, Plaintiff MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.    That on or before September 22, 2004, the Defendant RITE-HITE CORPORATION designed, manufactured, distributed and sold a certain vertical storing hydraulic dock leveler, on information and belief model number HDVHL8X7.

5.    On September 22, 2004 the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.    That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc. preparing to unload packages.

7.    That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.    That at all times herein relevant, it was the duty of Defendant RITE-HITE CORPORATION to exercise due care in the design, testing, manufacturing, marketing and sale of the aforementioned hydraulic dock leveler such that it would be reasonably safe for its intended use.

9.    That notwithstanding the aforesaid duty, on or before September 22, 2004, the Defendant RITE-HITE CORPORATION committed one or more of the following acts or omissions:

a.  Designed, manufactured, distributed and sold the aforesaid hydraulic dock leveler with a defective safety mechanism to prevent serious and traumatic injuries;

b.  Failed to provide an adequate safety mechanism;

c.  Designed, manufactured, distributed and sold the aforesaid hydraulic dock leveler with a defective safety mechanism so that the dock leveler was able to free-fall with its own weight even though the safety mechanism was engaged;

d.  Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler had a propensity to free-fall with its own weight;

e.  Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler's safety mechanism was defective;

f.  Failed to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler in accordance with the operation manual; or

g.  Failed to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism.

10.  That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant RITE-HITE CORPORATION the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant RITE-HITE CORPORATION in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT II
### Product Liability—Rite-Hite Corporation

1.      That on or before September 22, 2004, the Defendant RITE-HITE CORPORATION, a Wisconsin corporation, was engaged in the business of designing, manufacturing, assembling, distributing and/or selling industrial doors and hydraulic dock levelers.

2.      That on or before September 22, 2004, the Defendant RITE-HITE CORPORATION conducted and continues to conduct business in Champaign County, Illinois.

3.      That on or before September 22, 2004, MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.      That on or before September 22, 2004, the Defendant RITE-HITE CORPORATION designed, manufactured and distributed a certain vertical storing hydraulic dock leveler, on information and belief model HDVHLEX7.

5.      On September 22, 2004 the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.      That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc., preparing to unload packages.

7.      That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.      That at all times relevant, the Defendant RITE-HITE CORPORATION had a duty to design, manufacture, distribute and sell the aforementioned hydraulic dock leveler so that it

4

was neither defective, nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed and sold.

9.    That on and before September 22, 2004, and at all times while the aforementioned hydraulic dock leveler left the control of Defendant RITE-HITE CORPORATION, and at the time the hydraulic dock leveler entered the stream of commerce, the aforementioned hydraulic dock leveler was in an unreasonably dangerous and defective condition.  These defects included but were not limited to:

a.    Failure to properly design said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

b.    Failure to properly manufacture said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

c.    Failure to place any, or an adequate, warning on the said hydraulic dock leveler so as to warn the intended users thereof concerning the safe operation of the product, particularly the fact that there existed the potential for the hydraulic dock leveler to free-fall;

d.    Failure to adequately warn the Plaintiff that said hydraulic dock leveler's safety mechanism was defective;

e.    Failure to design, manufacture, distribute and sell the hydraulic dock leveler with a safety mechanism that would prevent serious and traumatic injuries;

f.    Failure to provide an adequate safety mechanism;

g.    Failure to design, manufacture, distribute and sell the aforementioned hydraulic dock leveler with a safety mechanism that would prevent the dock leveler from engaging in a free-fall even though the safety mechanism was engaged;

h.    Failure to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler in accordance with the operation manual;

i.    Failure to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism; or

j.    An inherently unstable design and a defective design which would result in an unreasonably high propensity to free-fall in the course of foreseeable usage.

5

10.     That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant RITE-HITE CORPORATION the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant RITE-HITE CORPORATION, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT III
### Negligence—Rite-Hite Doors, Inc.

1.     That on or before September 22, 2004, the Defendant RITE-HITE DOORS, INC., a Wisconsin corporation, was engaged in the business of designing, manufacturing, assembling, distributing and/or selling industrial doors and hydraulic dock levelers.

2.     That on or before September 22, 2004, the Defendant RITE-HITE DOORS, INC. conducted and continues to conduct business in Champaign County, Illinois.

3.     That on or before September 22, 2004, Plaintiff MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.     That on or before September 22, 2004, the Defendant RITE-HITE DOORS, INC. designed, manufactured, distributed and sold a certain vertical storing hydraulic dock leveler, on information and belief model number HDVHL8X7.

6

5.      On September 22, 2004 the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.      That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc. preparing to unload packages.

7.      That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.      That at all times herein relevant, it was the duty of Defendant RITE-HITE DOORS, INC. to exercise due care in the design, testing, manufacturing, marketing and sale of the aforementioned hydraulic dock leveler such that it would be reasonably safe for its intended use.

9.      That notwithstanding the aforesaid duty, on or before September 22, 2004, the Defendant RITE-HITE DOORS, INC. committed one or more of the following acts or omissions:

   a.   Designed, manufactured, distributed and sold the aforesaid hydraulic dock leveler with a defective safety mechanism to prevent serious and traumatic injuries;

   b.   Failed to provide an adequate safety mechanism;

   c.   Designed, manufactured, distributed and sold the aforesaid hydraulic dock leveler with a defective safety mechanism so that the dock leveler was able to free-fall with its own weight even though the safety mechanism was engaged;

   d.   Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler had a propensity to free-fall with its own weight;

   e.   Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler's safety mechanism was defective;

7

f.    Failed to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler in accordance with the operation manual; or

g.    Failed to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism.

10.    That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant RITE-HITE DOORS, INC. the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant RITE-HITE DOORS, INC. in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT IV
### Product Liability—Rite-Hite Doors, Inc.

1.    That on or before September 22, 2004, the Defendant RITE-HITE DOORS, INC., a Wisconsin corporation, was engaged in the business of designing, manufacturing, assembling, distributing and/or selling industrial doors and hydraulic dock levelers.

2.    That on or before September 22, 2004, the Defendant RITE-HITE DOORS, INC. conducted and continues to conduct business in Champaign County, Illinois.

8

3.      That on or before September 22, 2004, MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.      That on or before September 22, 2004, the Defendant RITE-HITE DOORS, INC. designed, manufactured and distributed a certain vertical storing hydraulic dock leveler, on information and belief model HDVHL8X7.

5.      On September 22, 2004 the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.      That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc., preparing to unload packages.

7.      That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.      That at all times relevant, the Defendant RITE-HITE DOORS, INC. had a duty to design, manufacture, distribute and sell the aforementioned hydraulic dock leveler so that it was neither defective, nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed and sold.

9.      That on and before September 22, 2004, and at all times while the aforementioned hydraulic dock leveler left the control of Defendant RITE-HITE DOORS, INC., and at the time the hydraulic dock leveler entered the stream of commerce, the aforementioned hydraulic dock leveler was in an unreasonably dangerous and defective condition.  These defects included but were not limited to:

9

a.  Failure to properly design said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

b.  Failure to properly manufacture said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

c.  Failure to place any, or an adequate, warning on the said hydraulic dock leveler so as to warn the intended users thereof concerning the safe operation of the product, particularly the fact that there existed the potential for the hydraulic dock leveler to free-fall;

d.  Failure to adequately warn the Plaintiff that said hydraulic dock leveler's safety mechanism was defective;

e.  Failure to design, manufacture, distribute and sell the hydraulic dock leveler with a safety mechanism that would prevent serious and traumatic injuries;

f.  Failure to provide an adequate safety mechanism;

g.  Failure to design, manufacture, distribute and sell the aforementioned hydraulic dock leveler with a safety mechanism that would prevent the dock leveler from engaging in a free-fall even though the safety mechanism was engaged;

h.  Failure to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler in accordance with the operation manual;

i.  Failure to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism; or

j.  An inherently unstable design and a defective design which would result in an unreasonably high propensity to free-fall in the course of foreseeable usage.

10.  That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant RITE-HITE DOORS, INC. the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care;

10

furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant RITE-HITE DOORS, INC. in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT V
## Negligence—Rite-Hite Products Corporation

1.     That on or before September 22, 2004, the Defendant RITE-HITE PRODUCTS CORPORATION, a Wisconsin corporation, was engaged in the business of designing, manufacturing, assembling, distributing and/or selling industrial doors and hydraulic dock levelers.

2.     That on or before September 22, 2004, the Defendant RITE-HITE PRODUCTS CORPORATION conducted and continues to conduct business in Champaign County, Illinois.

3.     That on or before September 22, 2004, Plaintiff MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.     That on or before September 22, 2004, the Defendant RITE-HITE PRODUCTS CORPORATION designed, manufactured, distributed and sold a certain vertical storing hydraulic dock leveler, on information and belief model number HDVHL8X7.

5.     On September 22, 2004 the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.     That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc. preparing to unload packages.

11

7.   That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.   That at all times herein relevant, it was the duty of Defendant RITE-HITE PRODUCTS CORPORATION to exercise due care in the design, testing, manufacturing, marketing and sale of the aforementioned hydraulic dock leveler such that it would be reasonably safe for its intended use.

9.   That notwithstanding the aforesaid duty, on or before September 22, 2004, the Defendant RITE-HITE PRODUCTS CORPORATION committed one or more of the following acts or omissions:

    a.   Designed, manufactured, distributed and sold the aforesaid hydraulic dock leveler with a defective safety mechanism to prevent serious and traumatic injuries;

    b.   Failed to provide an adequate safety mechanism;

    c.   Designed, manufactured, distributed and sold the aforesaid hydraulic dock leveler with a defective safety mechanism so that the dock leveler was able to free-fall with its own weight even though the safety mechanism was engaged;

    d.   Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler had a propensity to free-fall with its own weight;

    e.   Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler's safety mechanism was defective;

    f.   Failed to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler in accordance with the operation manual; or

    g.   Failed to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism.

10.   That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant RITE-HITE PRODUCTS CORPORATION the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL

FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant RITE-HITE PRODUCTS CORPORATION in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

### COUNT VI
#### Product Liability—Rite-Hite Products Corporation

1.     That on or before September 22, 2004, the Defendant RITE-HITE PRODUCTS CORPORATION, a Wisconsin corporation, was engaged in the business of designing, manufacturing, assembling, distributing and/or selling industrial doors and hydraulic dock levelers.

2.     That on or before September 22, 2004, the Defendant RITE-HITE PRODUCTS CORPORATION conducted and continues to conduct business in Champaign County, Illinois.

3.     That on or before September 22, 2004, MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.     That on or before September 22, 2004, the Defendant RITE-HITE PRODUCTS CORPORATION designed, manufactured and distributed a certain vertical storing hydraulic dock leveler, on information and belief model HDVHL8X7.

13

5.      On September 22, 2004 the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.      That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc., preparing to unload packages.

7.      That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.      That at all times relevant, the Defendant RITE-HITE PRODUCTS CORPORATION had a duty to design, manufacture, distribute and sell the aforementioned hydraulic dock leveler so that it was neither defective, nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed and sold.

9.      That on and before September 22, 2004, and at all times while the aforementioned hydraulic dock leveler left the control of Defendant RITE-HITE PRODUCTS CORPORATION, and at the time the hydraulic dock leveler entered the stream of commerce, the aforementioned hydraulic dock leveler was in an unreasonably dangerous and defective condition. These defects included but were not limited to:

a.      Failure to properly design said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

b.      Failure to properly manufacture said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

c.      Failure to place any, or an adequate, warning on the said hydraulic dock leveler so as to warn the intended users thereof concerning the safe operation of the product, particularly the fact that there existed the potential for the hydraulic dock leveler to free-fall;

14

d.   Failure to adequately warn the Plaintiff that said hydraulic dock leveler's
safety mechanism was defective;

e.   Failure to design, manufacture, distribute and sell the hydraulic dock leveler with
a safety mechanism that would prevent serious and traumatic injuries;

f.   Failure to provide an adequate safety mechanism;

g.   Failure to design, manufacture, distribute and sell the aforementioned hydraulic
dock leveler with a safety mechanism that would prevent the dock leveler from
engaging in a free-fall even though the safety mechanism was engaged;

h.   Failure to design, manufacture, distribute and sell the aforesaid hydraulic
dock leveler in accordance with the operation manual;

i.   Failure to design, manufacture, distribute and sell the aforesaid hydraulic
dock leveler with a reasonably safe safety mechanism; or

j.   An inherently unstable design and a defective design which would result in an
unreasonably high propensity to free-fall in the course of foreseeable usage.

10.   That as a direct and proximate result of one or more of all the foregoing wrongful

acts or omissions of the Defendant RITE-HITE PRODUCTS CORPORATION the

aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL

FORREST, causing him to sustain injuries, both internally and externally, of a permanent and

lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused

to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the

Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money

for medical care; furthermore that Plaintiff was unable to and will in the future be unable to

attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant

RITE-HITE PRODUCTS CORPORATION in a sum in excess of FIFTY THOUSAND

DOLLARS ($50,000.00) and costs of this suit.

15

## COUNT VII
### Negligence—Rite-Hite International, Inc.

1.    That on or before September 22, 2004, the Defendant RITE-HITE INTERNATIONAL, INC., a Wisconsin corporation, was engaged in the business of designing, manufacturing, assembling, distributing and/or selling industrial doors and hydraulic dock levelers.

2.    That on or before September 22, 2004, the Defendant RITE-HITE INTERNATIONAL, INC. conducted and continues to conduct business in Champaign County, Illinois.

3.    That on or before September 22, 2004, Plaintiff MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.    That on or before September 22, 2004, the Defendant RITE-HITE INTERNATIONAL, INC. designed, manufactured, distributed and sold a certain vertical storing hydraulic dock leveler, on information and belief model number HDVHL8X7.

5.    On September 22, 2004 the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.    That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26  at Plastipak Packaging, Inc. preparing to unload packages.

7.    That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

16

8.    That at all times herein relevant, it was the duty of Defendant RITE-HITE INTERNATIONAL, INC. to exercise due care in the design, testing, manufacturing, marketing and sale of the aforementioned hydraulic dock leveler such that it would be reasonably safe for its intended use.

9.    That notwithstanding the aforesaid duty, on or before September 22, 2004, the Defendant RITE-HITE INTERNATIONAL, INC. committed one or more of the following acts or omissions:

    a.    Designed, manufactured, distributed and sold the aforesaid hydraulic dock leveler with a defective safety mechanism to prevent serious and traumatic injuries;

    b.    Failed to provide an adequate safety mechanism;

    c.    Designed, manufactured, distributed and sold the aforesaid hydraulic dock leveler with a defective safety mechanism so that the dock leveler was able to free-fall with its own weight even though the safety mechanism was engaged;

    d.    Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler had a propensity to free-fall with its own weight;

    e.    Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler's safety mechanism was defective;

    f.    Failed to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler in accordance with the operation manual; or

    g.    Failed to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism.

10.    That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant RITE-HITE INTERNATIONAL, INC. the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL

17

FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant RITE-HITE INTERNATIONAL, INC. in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

### COUNT VIII
#### Product Liability—Rite-Hite International, Inc.

1.      That on or before September 22, 2004, the Defendant RITE-HITE INTERNATIONAL, INC., a Wisconsin corporation, was engaged in the business of designing, manufacturing, assembling, distributing and/or selling industrial doors and hydraulic dock levelers.

2.      That on or before September 22, 2004, the Defendant RITE-HITE INTERNATIONAL, INC. conducted and continues to conduct business in Champaign County, Illinois.

3.      That on or before September 22, 2004, MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.      That on or before September 22, 2004, the Defendant RITE-HITE INTERNATIONAL, INC. designed, manufactured and distributed a certain vertical storing hydraulic dock leveler, on information and belief model HDVHL8X7.

5.      On September 22, 2004 the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

18

6.     That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc., preparing to unload packages.

7.  .   That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.     That at all times relevant, the Defendant RITE-HITE INTERNATIONAL, INC. had a duty to design, manufacture, distribute and sell the aforementioned hydraulic dock leveler so that it was neither defective, nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed and sold.

9.     That on and before September 22, 2004, and at all times while the aforementioned hydraulic dock leveler left the control of Defendant RITE-HITE INTERNATIONAL, INC., and at the time the hydraulic dock leveler entered the stream of commerce, the aforementioned hydraulic dock leveler was in an unreasonably dangerous and defective condition. These defects included but were not limited to:

   a.   Failure to properly design said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

   b.   Failure to properly manufacture said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

   c.   Failure to place any, or an adequate, warning on the said hydraulic dock leveler so as to warn the intended users thereof concerning the safe operation of the product, particularly the fact that there existed the potential for the hydraulic dock leveler to free-fall;

   d.   Failure to adequately warn the Plaintiff that said hydraulic dock leveler's safety mechanism was defective;

   e.   Failure to design, manufacture, distribute and sell the hydraulic dock leveler with a safety mechanism that would prevent serious and traumatic injuries;

19

f.     Failure to provide an adequate safety mechanism;

g.     Failure to design, manufacture, distribute and sell the aforementioned hydraulic
       dock leveler with a safety mechanism that would prevent the dock leveler from
       engaging in a free-fall even though the safety mechanism was engaged;

h.     Failure to design, manufacture, distribute and sell the aforesaid hydraulic
       dock leveler in accordance with the operation manual;

i.     Failure to design, manufacture, distribute and sell the aforesaid hydraulic
       dock leveler with a reasonably safe safety mechanism; or

j.     An inherently unstable design and a defective design which would result in an
       unreasonably high propensity to free-fall in the course of foreseeable usage.

10.    That as a direct and proximate result of one or more of all the foregoing wrongful

acts or omissions of the Defendant RITE-HITE INTERNATIONAL, INC. the aforementioned

hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing

him to sustain injuries, both internally and externally, of a permanent and lasting nature; the

Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and

suffering in body and mind; in an endeavor to cure his said injuries; the Plaintiff MICHAEL

FORREST was caused to and will in the future be caused to expend money for medical care;

furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal

affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant

RITE-HITE INTERNATIONAL, INC. in a sum in excess of FIFTY THOUSAND DOLLARS

($50,000.00) and costs of this suit.

20

## COUNT IX
### Negligence—Rite-Hite Temporary Corporation

1.      That on or before September 22, 2004, the Defendant RITE-HITE TEMPORARY CORPORATION, a Wisconsin corporation,. was engaged in the business of designing, manufacturing, assembling, distributing and/or selling industrial doors and hydraulic dock levelers.

2.      That on or before September 22, 2004, the Defendant RITE-HITE TEMPORARY CORPORATION conducted and continues to conduct business in Champaign County, Illinois.

3.      That on or before September 22, 2004, Plaintiff MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.      That on or before September 22, 2004, the Defendant RITE-HITE TEMPORARY CORPORATION designed, manufactured, distributed and sold a certain vertical storing hydraulic dock leveler, on information and belief model number HDVHL8X7.

5.      On September 22, 2004 the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.      That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc. preparing to unload packages.

7.      That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.      That at all times herein relevant, it was the duty of Defendant RITE-HITE TEMPORARY CORPORATION to exercise due care in the design, testing, manufacturing,

21

10/02/06  MON 11:38 FAX 414 355 6578          RITE HITE EXEC.                            ☑023

marketing and sale of the aforementioned hydraulic dock leveler such that it would be reasonably safe for its intended use.

9.    That notwithstanding the aforesaid duty, on or before September 22, 2004, the Defendant RITE-HITE TEMPORARY CORPORATION committed one or more of the following acts or omissions:

   a.   Designed, manufactured, distributed and sold the aforesaid hydraulic dock leveler with a defective safety mechanism to prevent serious and traumatic injuries;

   b.   Failed to provide an adequate safety mechanism;

   c.   Designed, manufactured, distributed and sold the aforesaid hydraulic dock leveler with a defective safety mechanism so that the dock leveler was able to free-fall with its own weight even though the safety mechanism was engaged;

   d.   Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler had a propensity to free-fall with its own weight;

   e.   Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler's safety mechanism was defective;

   f.   Failed to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler in accordance with the operation manual; or

   g.   Failed to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism.

10.   That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant RITE-HITE TEMPORARY CORPORATION the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money

22

for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant RITE-HITE TEMPORARY CORPORATION in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT X
## Product Liability—Rite-Hite Temporary Corporation

1.      That on or before September 22, 2004, the Defendant RITE-HITE TEMPORARY CORPORATION, a Wisconsin corporation, was engaged in the business of designing, manufacturing, assembling, distributing and/or selling industrial doors and hydraulic dock levelers.

2.      That on or before September 22, 2004, the Defendant RITE-HITE TEMPORARY CORPORATION conducted and continues to conduct business in Champaign County, Illinois.

3.      That on or before September 22, 2004, MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.      That on or before September 22, 2004, the Defendant RITE-HITE TEMPORARY CORPORATION designed, manufactured and distributed a certain vertical storing hydraulic dock leveler, on information and belief model HDVHL8X7.

5.      On September 22, 2004 the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.      That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc., preparing to unload packages.

7.    That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.    That at all times relevant, the Defendant RITE-HITE TEMPORARY CORPORATION had a duty to design, manufacture, distribute and sell the aforementioned hydraulic dock leveler so that it was neither defective, nor unreasonably dangerous when put to the use for which it was designed, manufactured, distributed and sold.

9.    That on and before September 22, 2004, and at all times while the aforementioned hydraulic dock leveler left the control of Defendant RITE-HITE TEMPORARY CORPORATION, and at the time the hydraulic dock leveler entered the stream of commerce, the aforementioned hydraulic dock leveler was in an unreasonably dangerous and defective condition. These defects included but were not limited to:

a.    Failure to properly design said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

b.    Failure to properly manufacture said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

c.    Failure to place any, or an adequate, warning on the said hydraulic dock leveler so as to warn the intended users thereof concerning the safe operation of the product, particularly the fact that there existed the potential for the hydraulic dock leveler to free-fall;

d.    Failure to adequately warn the Plaintiff that said hydraulic dock leveler's safety mechanism was defective;

e.    Failure to design, manufacture, distribute and sell the hydraulic dock leveler with a safety mechanism that would prevent serious and traumatic injuries;

f.    Failure to provide an adequate safety mechanism;

g.    Failure to design, manufacture, distribute and sell the aforementioned hydraulic dock leveler with a safety mechanism that would prevent the dock leveler from engaging in a free-fall even though the safety mechanism was engaged;

24

h.      Failure to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler in accordance with the operation manual;

i.      Failure to design, manufacture, distribute and sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism; or

j.      An inherently unstable design and a defective design which would result in an unreasonably high propensity to free-fall in the course of foreseeable usage.

10.     That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant RITE-HITE TEMPORARY CORPORATION the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant RITE-HITE TEMPORARY CORPORATION in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT XI
### Negligence—Rice Equipment Co.

1.      That on or before September 22, 2004, the Defendant RICE EQUIPMENT CO., a Missouri corporation, was engaged in the business of repairing, assembling, maintaining, distributing and/or selling industrial doors and hydraulic dock levelers.

2.      That on or before September 22, 2004, the Defendant RICE EQUIPMENT CO., a Missouri corporation, conducted and continues to conduct business in Champaign County, Illinois.

3.      That on or before September 22, 2004, Plaintiff MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.      That on or before September 22, 2004, the Defendant RICE EQUIPMENT CO., a Missouri corporation, repaired, assembled, maintained, distributed and/or sold a certain vertical storing hydraulic dock leveler, on information and belief model number HDVHL8X7.

5.      On September 22, 2004, the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.      That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc., preparing to unload packages.

7.      That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.      That at all times herein relevant, it was the duty of Defendant RICE EQUIPMENT CO. to exercise due care in the repair, assembly, maintenance, distribution and/or sale of the aforementioned hydraulic dock leveler such that it would be reasonably safe for its intended use.

9.      That notwithstanding the aforesaid duty, on or before September 22, 2004, the defendant RICE EQUIPMENT CO. committed one or more of the following acts or omissions:

a.    Repaired, assembled, distributed, maintained or sold the aforesaid hydraulic dock leveler with a defective safety mechanism to prevent serious and traumatic injuries;

b.    Failed to provide an adequate safety mechanism;

c.    Repaired, assembled, distributed, maintained or sold the aforesaid hydraulic dock leveler without correcting a defective safety mechanism so that the dock leveler was able to free-fall with its own weight even though the safety mechanism was engaged;

d.    Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler had a propensity to free-fall with its own weight;

e.    Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler's safety mechanism was defective;

f.    Failed to repair, assemble, distribute, maintain or sell the aforesaid hydraulic dock leveler in accordance with the operation manual; or

g.    Failed to repair, design, manufacture, assemble, distribute, maintain or sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism.

10.    That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant RICE EQUIPMENT CO. the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant RICE EQUIPMENT CO. in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

27

## COUNT XII
### Product Liability—Rice Equipment Co.

1.     That on or before September 22, 2004, the Defendant RICE EQUIPMENT CO., a Missouri corporation, was engaged in the business of repairing, assembling, maintaining, distributing and/or selling industrial doors and hydraulic dock levelers.

2.     That on or before September 22, 2004, the Defendant RICE EQUIPMENT CO., a Missouri corporation, conducted and continues to conduct business in Champaign County, Illinois.

3.     That on or before September 22, 2004, Plaintiff MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.     That on or before September 22, 2004, the Defendant RICE EQUIPMENT CO., a Missouri corporation, repaired, assembled, maintained, distributed and/or sold a certain vertical storing hydraulic dock leveler, on information and belief model number HDVHL8X7.

5.     On September 22, 2004, the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.     That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc., preparing to unload packages.

7.     That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.     That at all times relevant herein, Defendant RICE EQUIPMENT CO. had a duty to distribute, repair, assemble, maintain, and/or sell the aforementioned hydraulic dock leveler so

28

that it was neither defective, nor unreasonably dangerous when put to the use for which it was distributed, repaired, assembled, maintained and/or sold.

9.   That on and before September 22, 2004 and at all times while the hydraulic dock leveler left the control of the Defendant RICE EQUIPMENT CO., the hydraulic dock leveler was in an unreasonably dangerous and defective condition.  These defects included but were not limited to:

a.   Failure to properly design said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

b.   Failure to properly manufacture said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

c.   Failure to distribute, repair, assemble, maintain and sell the hydraulic dock leveler with a safety mechanism that would prevent serious and traumatic injuries;

d.   Failure to provide an adequate safety mechanism;

e.   Failure to distribute, repair, assemble, maintain and sell the aforementioned hydraulic dock leveler with a safety mechanism that would prevent it from engaging in a free-fall even though the safety mechanism was engaged;

f.   Failure to adequately warn the Plaintiff that the aforementioned hydraulic dock leveler had a propensity to free-fall with its own weight;

g.   Failure to adequately warn the Plaintiff that the aforementioned hydraulic dock leveler's safety mechanism was defective;

h.   Failure to distribute, repair, assemble, maintain and sell the aforesaid hydraulic dock leveler in accordance with the operation manual;

i.   Failure to distribute, repair, assemble, maintain and sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism; or

j.   An inherently unstable design and a defective design which would result in an unreasonably high propensity to free-fall in the course of foreseeable usage.

10.   That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant RICE EQUIPMENT CO. the aforementioned hydraulic dock

leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant RICE EQUIPMENT CO. in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT XIII
### Negligence—Plastipak Packaging, Inc.

1.    That on or before September 22, 2004, the Defendant PLASTIPAK PACKAGING, INC., a Delaware corporation licensed to do business in Illinois, was in charge of the business operations of Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, County of Champaign, and State of Illinois.

2.    That at said time and place, the Defendant PLASTIPAK PACKAGING, INC. occupied, possessed and controlled said premises and the activities taking place thereon.

3.    That on or before September 22, 2004, a certain vertical storing hydraulic dock leveler belonging to Defendant PLASTIPAK PACKAGING, INC. was installed in dock door #26 of said premises.

4.      On September 22, 2004, the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was lawfully on said premises in furtherance of his work.

5.      That on or before September 22, 2004, Plaintiff MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

6.      That at said time and place, and prior thereto, the Defendant PLASTIPAK PACKAGING, INC., individually, and through its agents, servants, and employees, was present during the course of such work being performed by the Plaintiff.

7.      That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door # 26 at Plastipak Packaging, Inc. preparing to unload packages.

8.      That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began to free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

9.      That at the aforesaid time and place, it was the duty of Defendant PLASTIPAK PACKAGING, INC. to exercise reasonable care in the occupancy, possession, management, and control of said premises, so as to prevent injury and harm to the Plaintiff resulting from hazardous conditions and/or unsafe activities taking place on the premises.

10.     Notwithstanding the aforementioned duties at said time and place, the Defendant PLASTIPAK PACKAGING, INC. then and there committed one or more of the following careless and negligent acts and/or omissions:

    a.      Improperly occupied, possessed, managed, and controlled said premises and activities taking place thereon, so that as a direct result the Plaintiff was injured;

    b.      Allowed to be installed or installed a hydraulic dock leveler that had a propensity

31

to free-fall;

c.    Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler had a propensity to free-fall with its own weight; or

d.    Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler's safety mechanism was defective;

11.    That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant PLASTIPAK PACKAGING, INC. the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant PLASTIPAK PACKAGING, INC. in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

**COUNT XIV**
**Product Liability—Plastipak Packaging, Inc.**

1.    That on or before September 22, 2004, the Defendant PLASTIPAK PACKAGING, INC., a Delaware corporation licensed to do business in Illinois, was in charge of the business operations of Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, County of Champaign, and State of Illinois.

2.     That on or before September 22, 2004, the Defendant PLASTIPAK PACKAGING, INC. conducted and continues to conduct business in Champaign County, Illinois.

3.     That on or before September 22, 2004, MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.     That on or before September 22, 2004, the Defendant PLASTIPAK PACKAGING, INC. repaired, assembled, maintained, distributed, designed and/or manufactured a certain vertical storing hydraulic dock leveler, upon information and belief model number HDVHL8X7.

5.     On September 22, 2004, the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.     That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc., preparing to unload packages.

7.     That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.     That at all times relevant herein, Defendant PLASTIPAK PACKAGING, INC. had a duty to distribute, repair, assemble, maintain, design and/or manufacture the aforementioned hydraulic dock leveler so that it was neither defective, nor unreasonably dangerous when put to the use for which it was distributed, repaired, assembled, maintained, designed and/or manufactured.

33

9.     That on and before September 22, 2004 and at all times while the hydraulic dock leveler was in or left the control of the Defendant PLASTIPAK PACKAGING, INC., the hydraulic dock leveler was in an unreasonably dangerous and defective condition. These defects included but were not limited to:

a.     Failure to properly design said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

b.     Failure to properly manufacture said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

c.     Failure to place any, or an adequate, warning on the said hydraulic dock leveler so as to warn the intended users thereof concerning the safe operation of the product, particularly the fact that there existed the potential for the hydraulic dock leveler to free-fall;

d.     Failure to distribute, repair, assemble, maintain, design, manufacture or sell the hydraulic dock leveler with a safety mechanism that would prevent serious and traumatic injuries;

e.     Failure to provide an adequate safety mechanism;

f.     Failure to distribute, repair, assemble, maintain, design, manufacture or sell the aforementioned hydraulic dock leveler with a safety mechanism that would prevent it from engaging in a free-fall even though the safety mechanism was engaged;

g.     Failure to adequately warn the Plaintiff that the aforementioned hydraulic dock leveler had a propensity to free-fall with its own weight;

h.     Failure to adequately warn the Plaintiff that the aforementioned hydraulic dock leveler's safety mechanism was defective;

i.     Failure to distribute, repair, assemble, maintain, design, manufacture or sell the aforesaid hydraulic dock leveler in accordance with the operation manual;

j.     Failure to distribute, repair, assemble, maintain, design, manufacture and sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism; or

k.     An inherently unstable design and a defective design which would result in an unreasonably high propensity to free-fall in the course of foreseeable usage.

10.     That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant PLASTIPAK PACKAGING, INC. the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant PLASTIPAK PACKAGING, INC. in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT XV
### Negligence—Plastipak Holdings, Inc.

1.     That on or before September 22, 2004, the Defendant PLASTIPAK HOLDINGS, INC., a Delaware corporation licensed to do business in Illinois, was in charge of the business operations of Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, County of Champaign, and State of Illinois.

2.     That at said time and place, the Defendant PLASTIPAK HOLDINGS, INC. occupied, possessed and controlled said premises and the activities taking place thereon.

3.     That on or before September 22, 2004, a certain vertical storing hydraulic dock leveler belonging to Defendant PLASTIPAK HOLDINGS, INC. was installed in dock door #26 of said premises.

4.     On September 22, 2004, the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was lawfully on said premises in furtherance of his work.

5.     That on or before September 22, 2004, Plaintiff MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

6.     That at said time and place, and prior thereto, the Defendant PLASTIPAK HOLDINGS, INC., individually, and through its agents, servants, and employees, was present during the course of such work being performed by the Plaintiff.

7.     That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc. preparing to unload packages.

8.     That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began to free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

9.     That at the aforesaid time and place, it was the duty of Defendant PLASTIPAK HOLDINGS, INC. to exercise reasonable care in the occupancy, possession, management, and control of said premises, so as to prevent injury and harm to the Plaintiff resulting from hazardous conditions and/or unsafe activities taking place on the premises.

10.     Notwithstanding the aforementioned duties at said time and place, the Defendant PLASTIPAK HOLDINGS, INC. then and there committed one or more of the following careless and negligent acts and/or omissions:

a.     Improperly occupied, possessed, managed, and controlled said premises and activities taking place thereon, so that as a direct result the Plaintiff was injured;

b.     Allowed to be installed or installed a hydraulic dock leveler that had a propensity

36

to free-fall;

  c.    Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler had a propensity to free-fall with its own weight; or

  d.    Failed to adequately warn the Plaintiff that the aforesaid hydraulic dock leveler's safety mechanism was defective;

  11.    That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant PLASTIPAK HOLDINGS, INC. the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant PLASTIPAK HOLDINGS, INC. in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

## COUNT XVI
### Product Liability—Plastipak Holdings, Inc.

  1.    That on or before September 22, 2004, the Defendant PLASTIPAK HOLDINGS, INC., a Delaware corporation licensed to do business in Illinois, was in charge of the business operations of Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, County of Champaign, and State of Illinois.

  2.    That on or before September 22, 2004, the Defendant PLASTIPAK HOLDINGS, INC. conducted and continues to conduct business in Champaign County, Illinois.

3.    That on or before September 22, 2004, MICHAEL FORREST was a resident of Savoy, County of Champaign, and State of Illinois.

4.    That on or before September 22, 2004, the Defendant PLASTIPAK HOLDINGS, INC. repaired, assembled, maintained, distributed, designed and/or manufactured a certain vertical storing hydraulic dock leveler, upon information and belief model number HDVHL8X7.

5.    On September 22, 2004, the Plaintiff MICHAEL FORREST was employed by United Parcel Service, and on the aforesaid date was engaged in the duties of his employment at Plastipak Packaging, Inc., located at 3310 West Springfield Avenue in Champaign, Illinois.

6.    That during the morning of September 22, 2004, the Plaintiff MICHAEL FORREST was standing in the rear of his delivery truck while parked at dock door #26 at Plastipak Packaging, Inc., preparing to unload packages.

7.    That the aforementioned hydraulic dock leveler was lowered to Plaintiff's delivery truck and began a free-fall, landing on the Plaintiff MICHAEL FORREST, proximately causing injury and damage of a personal and pecuniary nature.

8.    That at all times relevant herein, Defendant PLASTIPAK HOLDINGS, INC. had a duty to distribute, repair, assemble, maintain, design and/or manufacture the aforementioned hydraulic dock leveler so that it was neither defective, nor unreasonably dangerous when put to the use for which it was distributed, repaired, assembled, maintained, designed and/or manufactured.

9.    That on and before September 22, 2004 and at all times while the hydraulic dock leveler was in or left the control of the Defendant PLASTIPAK HOLDINGS, INC., the hydraulic dock leveler was in an unreasonably dangerous and defective condition. These defects included but were not limited to:

38

a.  Failure to properly design said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

b.  Failure to properly manufacture said hydraulic dock leveler in such a manner so that it did not have the potential to free-fall;

c.  Failure to place any, or an adequate, warning on the said hydraulic dock leveler so as to warn the intended users thereof concerning the safe operation of the product, particularly the fact that there existed the potential for the hydraulic dock leveler to free-fall;

d.  Failure to distribute, repair, assemble, maintain, design, manufacture or sell the hydraulic dock leveler with a safety mechanism that would prevent serious and traumatic injuries;

e.  Failure to provide an adequate safety mechanism;

f.  Failure to distribute, repair, assemble, maintain, design, manufacture or sell the aforementioned hydraulic dock leveler with a safety mechanism that would prevent it from engaging in a free-fall even though the safety mechanism was engaged;

g.  Failure to adequately warn the Plaintiff that the aforementioned hydraulic dock leveler had a propensity to free-fall with its own weight;

h.  Failure to adequately warn the Plaintiff that the aforementioned hydraulic dock leveler's safety mechanism was defective;

i.  Failure to distribute, repair, assemble, maintain, design, manufacture or sell the aforesaid hydraulic dock leveler in accordance with the operation manual;

j.  Failure to distribute, repair, assemble, maintain, design, manufacture and sell the aforesaid hydraulic dock leveler with a reasonably safe safety mechanism; or

k.  An inherently unstable design and a defective design which would result in an unreasonably high propensity to free-fall in the course of foreseeable usage.

10.  That as a direct and proximate result of one or more of all the foregoing wrongful acts or omissions of the Defendant PLASTIPAK HOLDINGS, INC. the aforementioned hydraulic dock leveler was caused to free-fall on the Plaintiff, MICHAEL FORREST, causing him to sustain injuries, both internally and externally, of a permanent and lasting nature; the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to endure pain and

suffering in body and mind; in an endeavor to cure his said injuries, the Plaintiff MICHAEL FORREST was caused to and will in the future be caused to expend money for medical care; furthermore that Plaintiff was unable to and will in the future be unable to attend to his normal affairs and duties for an indefinite period of time.

WHEREFORE, Plaintiff MICHAEL FORREST prays for judgment against Defendant PLASTIPAK HOLDINGS, INC. in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) and costs of this suit.

GOLDBERG, WEISMAN & CAIRO, LTD.

BY: _____
Attorney for Plaintiff(s)

Louis C. Cairo, Esq.
GOLDBERG, WEISMAN & CAIRO, LTD.
One E. Wacker Drive, #3400
Chicago, IL 60601
(312) 464-1200
Atty. No. 03868

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MICHAEL FORREST, )
)
    Plaintiff, )
)
v. )   No. 06 L 009985
)
RITE-HITE CORPORATION, RITE-HITE )
DOORS, INC., RITE-HITE PRODUCTS )
CORPORATION, RITE-HITE )
INTERNATIONAL, INC., RITE-HITE )
TEMPORARY CORPORATION, RICE )
EQUIPMENT CO., PLASTIPAK PACKAGING, )
INC., PLASTIPAK HOLDINGS, INC. )
)
    Defendants. )

### NOTICE OF FILING NOTICE FOR REMOVAL

TO:    Clerk of the Circuit Court of Cook County, Illinois, Richard J. Daley Center, Chicago, Illinois 60602

        Louis C. Cairo, Esq., Goldberg, Weisman & Cairo, Ltd., One E. Wacker Drive, #3400, Chicago, IL 60601

        PLEASE TAKE NOTICE that on October 18, 2006, Defendants Rite-Hite Corporation, Rite-Hite

Doors, Inc., Rite-Hite Products Corporation, Rite-Hite International, Inc., and Rite-Hite Temporary

Corporation, filed with the Clerk of the United States District Court for the Northern District of Illinois,

Eastern Division, a Notice for Removal, a true and correct copy of which is attached hereto.

        Pursuant to 28 U.S.C. §1441, this action has been removed from this court to the United States

District Court for the Northern District of Illinois, Eastern Division, and all further proceedings shall be

before that court.

                                      One of the Attorneys for Defendants

Joan M. Kubalanza
Patrick R. Moran
LOWIS & GELLEN LLP
200 W. Adams, Suite 1900
Chicago, Illinois 60606
(312) 364-2500

**EXHIBIT**

B

## PROOF OF SERVICE

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 and Supreme Court Rule 111, the undersigned certifies that this Notice was served upon the aforementioned parties by depositing the same in a United States mailbox, with proper postage prepaid, prior to 5 p.m. on the 18th day of October 2006.